906 So.2d 417 (2005)
In re Judge Kirk GRANIER, Twenty-ninth Judicial District Court, Parish of St. Charles, State of Louisiana.
No. 2004-O-3031.
Supreme Court of Louisiana.
June 29, 2005.
*418 Office of Special Counsel, Steven Robert Scheckman, Mary Frances Whitney for Judiciary Commission.
Barfield & Associates, Craig R. Watson, Baton Rouge, Kay Barnes Baxter, for Judge Kirk Granier.

ON RECOMMENDATION FOR DISCIPLINE FROM THE JUDICIARY COMMISSION OF LOUISIANA
KNOLL, Justice.
This matter comes before the Court on the recommendation of the Judiciary Commission of Louisiana ("Commission"), pursuant to LA. CONST. ANN. art. V, § 25(C), that Kirk Granier, District Judge of the 29th Judicial District Court, Parish of St. Charles, be publicly censured and ordered to pay the cost of the prosecution of these proceedings. For the reasons that follow, we adopt the recommendations of the Commission, publicly censure Judge Granier, and approve the reimbursements suggested.
The parties stipulated to the underlying uncontested facts necessary to determine whether there was a violation of the Code of Judicial Conduct and the Louisiana Constitution. We summarize those pertinent facts.
Judge Granier was first elected in 1996 to the district court bench, assumed office on January 1, 1997, was reelected in the fall of 2002, and has served continuously since that time. Between February 1999 and June 2002, Judge Granier hired his girlfriend, Tanya LeBlanc, a registered nurse with twenty-three years of nursing experience, as an independent contractor to review and summarize medical records for nineteen cases in his court.[1] Judge Granier authorized the Clerk of Court to pay LeBlanc, from the Judicial Expense Fund, an amount totaling $13,860.50 for the work LeBlanc performed for the court.[2] Judge Granier also authorized the clerk's office to pay Medical  Legal Consulting Institute, Inc. $1,299 from the Judicial Expense Fund for LeBlanc's tuition to attend a week-long legal nurse consultant course in Houston, Texas and to pay $1,022.78 to cover LeBlanc's hotel expenses, a per diem of $40, and the airfare *419 for her attendance at the Houston seminar.
After considering the formal charge[3] and the evidence adduced, the Commission concluded the Office of Special Counsel proved by clear and convincing evidence that although LeBlanc was qualified to do the work she was paid, Judge Granier nevertheless allowed a social relationship to influence his judicial conduct when he hired his girlfriend with whom he was romantically involved to work as an independent contractor for him. Moreover, Judge Granier unwittingly enriched LeBlanc when he used taxpayer money to allow LeBlanc to become a certified legal nurse consultant. This certification gave LeBlanc a credential she could use for additional services to the legal community and Judge Granier provided this benefit to LeBlanc in violation of Canon 2B that forbids use of the prestige of the judicial office for the benefit of another. The Commission further found Judge Granier created the appearance of impropriety when he retained his girlfriend's services as an independent contractor and paid her with taxpayer funds. Although Judge Granier stressed he never intended to violate the ethical canons, the Commission noted that this Court held in In re Hunter, 02-1975 (La.8/19/02), 823 So.2d 325, that intention is not required for the imposition of judicial discipline. Finally, the Commission found that by committing misconduct related to his official duty, Judge Granier also violated LA. CONST. ANN. Art. V, § 25C. It found his conduct was persistent and public, prejudicial to the administration of justice, and brought the judicial office into disrepute. Based upon its findings, the Commission recommended Judge Granier be publicly censured. In addition, the Commission recommended that Judge Granier reimburse his court's Judicial Expense Fund the amount of $2,321.78 and pay to the Commission the amount of $448 in hard costs.
On January 14, 2005, Judge Granier and the Office of Special Counsel filed a motion with this Court seeking to waive briefing and oral argument and to have us consider the case based on the two-volume record developed before the Commission. Judge Granier further stated he accepted the Commission's disciplinary recommendation. Although we initially granted the parties' joint motion, we recalled our order, requested briefing, and set the case for oral argument so that we could more fully explore the conduct of Judge Granier.
After carefully exploring the record, we are fully satisfied with the Judiciary Commission's investigation of this matter and its recommendation on the appropriate sanction.[4] While Judge Granier recognized the appearance of impropriety after his conduct was brought to his attention, we note no other harm. We further find LeBlanc was fully qualified as a registered nurse with twenty-three years of practice to review and summarize the medical evidence in the nineteen cases at issue and did indeed perform the work for Judge Granier. Moreover, we are thoroughly *420 convinced LeBlanc's involvement in these matters of litigation did not impact Judge Granier's adjudicatory function. The record shows that Judge Granier ceased LeBlanc's employment as an independent contractor as soon as the perception of impropriety was brought to his attention. Finally, it is abundantly clear that Judge Granier is remorseful for any appearance of impropriety that occurred and this conduct is not likely to reoccur.

DECREE
For the reasons assigned, it is ordered that Judge Kirk Granier be publicly censured for violating Canons 1, 2A and 2B, and 3B4 of the Code of Judicial Conduct. It is further ordered that Judge Kirk Granier reimburse the Judicial Expense Fund of the 29th Judicial District Court $2,321.78 and the Judiciary Commission of Louisiana $448.
JOHNSON, J., concurs.
KIMBALL and TRAYLOR, JJ., dissent and would impose a greater sanction.
NOTES
[1] Judge Granier was divorced in 1995. He and LeBlanc became romantically involved in the late summer or fall of 1997. They last dated around November 2002.
[2] LeBlanc worked as a nurse for two other employers and earned between $40,000 and $50,000 from that employment. Considering the length of time LeBlanc did contract work for Judge Granier, she earned approximately $3,500 a year for this work. Thus, it is evident the sum LeBlanc received from the Judicial Expense Fund constituted a relatively small part of her yearly income.
[3] The formal charge alleged violations of: Code of Judicial Conduct Canons 1 (a judge shall uphold the integrity and independence of the judiciary), 2A (a judge shall respect and comply with the law), 2B (a judge shall not allow family, social, political, or other relationships to influence judicial conduct or judgment, nor shall a judge lend the prestige of judicial office to advance the private interest of the judge or others), and 3B(4) (a judge should avoid appointments which tend to create the appearance of impropriety), as well as LA. CONST. ANN. Art. V, § 25C.
[4] While the issue of a judge hiring an "independent contractor" may be troublesome, no charge was brought by the Judiciary Commission regarding this issue.